IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

VICTOR MANUEL VILLANUEVA OJEDA                CASE NO.  25-04468 (MCF)

ANGELITA RIVERA COLON

                                               CHAPTER 13

            Debtors

### OPINION AND ORDER

Upon the Chapter 13 Trustee's objection to the homestead exemption under Puerto Rico law, the court addresses its substantive and procedural requirements.  We deny the objection for the ensuing reasons.

### I.    PROCEDURAL HISTORY

The Debtors, Victor Manuel Villanueva Ojeda and Angelita Rivera Colon, filed for bankruptcy protection under Chapter 13 on September 30, 2025 (Docket No. 1). As part of the bankruptcy case, the Debtors claimed a homestead exemption in the amount of $51,666.67, over one-third of a real property located in Bayamon, Puerto Rico.  This property is co-owned by co-Debtor Rivera Colon and two other heirs of their parents' estate.  As reflected in Schedule C: The Property You Claim as Exempt (Official Form 106C), the Debtors declared a state law homestead exemption (Docket No. 10 at 13).  Along with Schedule C, the Debtors filed a notarized sworn statement indicating co-Debtor Rivera Colon has lived at the residential property her entire life and she continues to live at that property with her husband since their marriage in 1989.  After the 341 meeting of creditors, the Chapter 13 Trustee objected to the Debtors' claimed homestead exemption on Schedule C (Docket No. 22).

### II.    THE PARTIES' POSITIONS

The Trustee objects to the homestead exemption on two grounds. First, the Trustee avers that the Debtors must have the consent of the other heirs to benefit from the homestead exemption. In support of this argument, the Trustee cites two cases from the Supreme Court of Puerto Rico, *Rivera García v. Registradora*, 189 D.P.R. 628 (2013) and *Bones Cruz v. Registrador de la*

1

*Propiedad*, 194 D.P.R. 852 (2016). Second, the Trustee argues that the Debtors must disclose in Schedule C whether the Debtors' homestead is inscribed in the Property Registry, which they have failed to do. As per the Trustee, both unfulfilled "requirements" make the Debtors ineligible for the homestead exemption (Docket No. 22).

The Debtors disagree that co-owners must consent to their homestead exemption, citing a recent case from this district, *In re Agosto Vega*, Case No. 24-01561 Ch. 13 (EAG) (Oct. 28, 2025). The Debtors did not address the need to amend Schedule C to include whether the property is inscribed in the Property Registry, but rather asserted that inscription in the Property Registry is not required and that exemptions must be liberally construed in favor of the Debtors (Docket No. 30).

### III.  ANALYSIS

Before analyzing the parties' contentions, we briefly dive into the history of Puerto Rico's homestead protection rights and the details of claiming such a right under the latest legislation.

### A.  History of Homestead Protection Rights

As early as 1936, homestead legislation existed in Puerto Rico but limited its protection to $500. Act. No. 87 of May 13, 1936. When the Puerto Rico Constitution passed in 1952, it acknowledged that property shall be exempt from attachments as provided by law. PR Constitution, Art. II, Sec. 7. In 2003, the legislature increased the homestead protection amount to $15,000. (Act. No. 116 of May 2, 2003).

In 2011, the Legislative Assembly determined that the homestead law needed to provide better protection to individuals and their families residing in Puerto Rico. PR Laws Ann. Tit. 31, §§ 1858-1858k. This new law is known as the Homestead Right and Family Home Protection Act, PR Laws Ann. Tit. 31, § 1858. The following year, the Legislature amended the Act to provide the broadest protection to residents of Puerto Rico and their families in bankruptcy proceedings. Act No. 257 of September 15, 2012. The Act protects "properties against attachments, judgment, or foreclosure for the payment of all debts," except those debts owed to mortgagees, state and federal tax authorities, contractors, or other state and federal entities as specified in the law. P.R. Laws Ann. Tit. 31, § 1858b & a.

### B. **Claiming Homestead Protection in State Court**

The Act describes two paths for an individual to give public notice of their homestead protection in the Property Registry—through the acquisition deed or through a declaration of homestead—both signed before a notary public. P.R. Laws Ann. Tit. 31, § 1858f. If the homestead protection is not in the Property Registry, then the owner must claim the right in state court when facing a collection action. P.R. Laws Ann. Tit. 31, § 1858i. Even if the homestead protection is inscribed in the Property Registry, creditors may challenge the protection if the property is no longer the owner's principal residence.

We will discuss each path. After the Act's enactment, "[a]n individual … who acquires a rural or urban parcel to establish and create his/her homestead thereon shall state so in the deed after having been duly advised on this duty by authorizing notary…." P.R. Laws Ann. Tit. 31, § 1858f. Upon recording of the same, the Property Registry shall enter in the appropriate record "that the owner has filed a Declaration of Homestead for such property," which shall serve as public notice. P.R. Laws Ann. Tit. 31, § 1858f.

However, at the time of the Homestead Protection Act passage, many individuals already owned their principal residence. In fact, the Statement of Motives pointed out that the U.S. Census' data reported that the housing acquisition rate in Puerto Rico was over 70%. With the Act's passage, homesteaders could now claim 100% protection instead of a $15,000 limit. To claim the new homestead protection in that situation, the Act provides that "[i]f the parcel has already been registered in the name of such individual or head of family, it shall suffice for the owner or owners of such parcel to execute a Declaration before a Notary Public stating that the parcel is covered by homestead protection for the Property Registrar to make a marginal notation on the appropriate record." P.R. Ann. Tit. 31, § 1848f.

"The fact that a parcel has not been registered in the Property Registry, or that the Declaration of Homestead has not been filed with or entered in the Property Registry, shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in § 1858i of this title." P.R. Ann. Tit. 31, § 1858h.

When faced with a collection action, the Act sets forth a detailed procedure in § 1858i if the owner has not declared the new homestead protection in the purchased deed or executed a Declaration of Homestead in the Property Registry. The homestead right "shall be claimed through a motion filed with the court within thirty (30) days" of an action against the property. P.R. Ann.

3

Tit. 31, § 1858i. "Such motion shall be sworn by the owner or owners, including a property description and that the property is used as a principal residence "before the service of process of foreclosure was perfected and that they have not declared any other property as their homestead." *Id.* Then "the party requesting the foreclosure shall have ten (10) days to answer the claim of homestead right and, should a controversy arise, the court shall hold an evidentiary hearing in which the parties shall present their arguments and the appropriate evidence supporting their allegations." *Id.* After conducting an evidentiary hearing, the court shall decide within fifteen (15) days. If the owner does not prevail in claiming the homestead protection, then a judicial sale may be carried out once the ruling is final and binding. *Id.*

### C. Claiming Homestead Protection in Bankruptcy

With this understanding of the historical background and methods for claiming homestead protection in state courts, we now address how a debtor claims a homestead exemption in bankruptcy. The Bankruptcy Code allows a debtor to keep certain properties out of the reach of their creditors by claiming exemptions under 11 U.S.C. § 522(b).[1] These exemptions allow debtors to achieve financial reorganization and a fresh start. Exemptions should be liberally construed in favor of the debtor. *In re Gutierrez Hernández,* 2012 Bankr. LEXIS 2735 at *5, 2012 WL 2202931 at *2 (Bankr. D.P.R. 2012); *In re Newton,* 2002 Bankr. LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir. 2002); *Christo v. Yellin (In re Christo),* 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999). In Puerto Rico, a debtor may choose federal or state law exemptions. 11 U.S.C. § 522(d) or § 522(b)(3)(A).

When a debtor elects state law exemptions in bankruptcy, state law provides the substantive basis for the exemption, but federal procedures govern. Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law, not state law procedures. *Erie R. Co. v. Tompkins, 304 U.S. 64* (1938). The *Erie* doctrine applies to bankruptcy proceedings and homestead elections. *In re Logan*, 666 B.R. 801(Bankr. E.D. Mo. 2024); *Advanced Coatings, Int'l v. Johnson*, 485 B.R. 642 (Bankr. D. Colo. 2013). "Federal

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

4

diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law. As *Erie* read the Rules of Decision Act: 'Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State.' 304 U.S. at 78. Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities*, 518 U.S. 415, 431(1996) (citing *Erie, 304 U.S. at 78)*.

Puerto Rico state law sets forth two substantive requirements to claim a homestead exemption: (1) an individual must reside at the property, and (2) the property must be his only residence. P.R. Ann. Tit. 31, § 1858i. Lack of inscription in the Property Registry does not deprive a person from claiming the homestead under the Act. P.R. Ann. Tit. 31, § 1858h. If an individual's property is threatened by a creditor, then state law requires going before a state court with a sworn motion to claim the homestead right. In bankruptcy, the Act does not espouse the procedure to claim this right. Under the *Erie* doctrine, we apply federal bankruptcy procedure for the debtor's homestead exemption. The debtor must satisfy the two substantive requirements under state law: residing at the property, and that it is the debtor's only residence. This is established on Schedule C, which is signed by a debtor under penalty of perjury.

Section 1858i specifies certain time periods for asserting the right, for filing an answer, and for the court making its ruling. Under the *Erie* doctrine, none of those deadlines applies in bankruptcy proceedings. The Bankruptcy rules impose their own procedural deadlines and forms. The debtor must file the Schedules with the petition or 14 days thereafter unless an extension is granted. Fed. R. Bankr. P. 1007(c)(1). If the homestead exemption is not asserted by the debtor in Schedule C, the debtor's dependents may assert the right within 30 days after the debtor's time to file expires. Fed. R. Bankr. P. 4003(a). Except for two exceptions which do not apply in this case, Rule 4003(b)(1) mandates that a party in interest may file an objection to a claimed exemption within 30 days after the later of:

- the conclusion of the 341 meeting of creditors;
- the filing of an amendment to the list; or
- the filing of a supplemental schedule [for post-petition inclusion of assets].

Property becomes exempt by operation of law when no objections are filed. 11 U.S.C. § 522(l);

5

### 1. Trustee's Objection regarding Amendments to Schedule C

In our case, the Trustee requires the Debtors to disclose in Schedule C whether the property is registered in the Property Registry.[2]  In the state law context, the Debtors would have to file a sworn motion stating the following "a description of the property being protected as entered in the Registry and a statement to the fact that the owner or owners thereof used such property as a principal residence before the service of process of foreclosure was perfected and that they have not declared any other property as their homestead."  P.R. Ann. Tit. 31, § 1858i.  This section requires the property description as reported in the Property Registry.

However, in bankruptcy, the Debtors must comply with Fed. R. Bankr. P. 4003(a).  This rule does not require a sworn motion or a sworn statement.  It requires that "a debtor must list the property claimed as exempt under § 522 on Form 106(c) filed under Rule 1007."   Form 106(c) is commonly referred to as Schedule C.  Schedule C requires a debtor to indicate the following:

-select state or federal exemption;

-describe the property;

-specify the law authorizing the exemption;

-give the current value of the debtor's interest; and

-the exemption amount claimed by the debtor.

The schedules indicate information as of the date of the petition.  *In re Haber*, 547 B.R. 252, 260 (Bankr. S.D. Ohio 2016).  The trustee and creditors need this information to evaluate the propriety of the exemption claim.  4 Colliers on Bankruptcy ⁋ 522.05 (16th ed. 2026).

Schedule C, like all schedules, must be signed by a debtor under penalty of perjury. Official Form 106Dec (Declaration About an Individual Debtor's Schedules); *In re Autry*, 2024 Bankr. LEXIS 2123, 2024 WL 4131856 at * 3 (Bankr. M.D.N.C. Aug. 15, 2024).  A debtor who fraudulently claims property as exempt under penalty of perjury faces criminal prosecution.

---

[2]  The Trustee's objection solely relies on *In re Hernandez*, 487 B.R 353, 368 (Bankr. D.P.R. 2013).  However, the *Erie* Doctrine was not addressed or applied in that case.

6

Official Form 106Dec.  Rule 4003(a) does not mandate a sworn motion or sworn statement by the Debtor, just Schedule C.

The Debtors here filed both a Schedule C and a sworn statement.  The Trustee questioned the Debtors under oath at a 341 Meeting of Creditors (Docket Nos. 15 & 22 at 1).  Despite all the information provided by the Debtors in Schedule C, the sworn statement, and at the 341 Meeting of Creditors, the Trustee is still unsatisfied because the Debtors must disclose on the form whether the property is inscribed.  Yet, the Trustee acknowledges that inscription in the Property Registry is unnecessary to claim a homestead.[3]  It appears that the Trustee's argument is elevating form over substance.

We are at a loss to understand why the Debtors would be required to disclose on Schedule C whether the property is recorded or not in the Property Registry, given that inscription is not a substantive requirement.  It merely provides public notice.  Form C does not require the Debtors to indicate whether the property is inscribed.  It requires a property description and the specific laws that afford the homestead exemption.  The Bankruptcy Code requires a debtor to claim their exemptions in Schedule C, not by deed, not by sworn motion, and not by sworn statement.[4]  § 522; Fed. R. Bankr. P. 4003(a) & 1007.  The Debtors complied by filing Schedule C.  Hence, the Chapter 13 Trustee's objection requiring Schedule C to be amended is denied.

### 2.   Trustee's Objection regarding Consent of Co-heirs

The Trustee alleges that the Debtors must have the consent of the other two heirs to the property to claim their homestead exemption. In support of her objection, the Trustee cites two cases from the Supreme Court of Puerto Rico, regarding the interplay between the property registry and the local homestead law. *Bones Cruz v. Registrador de la Propiedad*, 194 D.P.R. 852 (2016); Rivera *García v. Registradora*, 189 D.P.R. 628 (2013).

---

[3]  "The fact that ...debtor's title as legal owner of the residential property is not recorded with the Property Registry...does not preclude her from claiming the Puerto Rico homestead exemption."  *Garcia v. Rushmore Loan Mgmt. Servs (In re Garcia),* 2018 US. Dist. LEXIS 168523, at 7-8 (D.P.R. September 28, 2018).

[4] To require a sworn statement before a notary public imposes a financial burden.  A notary public in Puerto Rico must be a licensed attorney who is also licensed by the Supreme Court of Puerto Rico to provide notarial services. Act No. 75 of July 2, 1987, as amended. Generally, notarized documents in Puerto Rico are costly.  Schedule C does not require notarization.

These cases, however, base their decisions narrowly on the requirements for inscription of the homestead deed in the Property Registry, and their focus is not on the exercise of the homestead right in other circumstances, much less in the bankruptcy scenario.  We agree and adopt the reasoning expressed in the bankruptcy case of *In re Agosto Vega*, Case No. 24-01561 Ch. 13 (EAG) Docket No. 36 (October 28, 2025),  which decided that for bankruptcy purposes, the consent of the other heirs of the property is unnecessary to claim the homestead exemption.  We add that the inscription of the homestead right in the Property Registry serves the purpose of providing public notice, and not as a substantive requirement to claim the homestead exemption in bankruptcy.

### IV.    CONCLUSION

A restrictive reading of the Act, requiring formal and costly requirements upon filing for bankruptcy, achieves contradictory results. An already financially strapped debtor who wishes to exercise their homestead rights and who has already paid the filing fee and a retainer for an attorney should not be subject to unnecessary burdens.

For the foregoing reasons, the Trustee's objections to Debtors' claimed homestead exemption (Docket No. 22) are denied.  Consequently, the Debtors are entitled to their homestead over the real property.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of April 2026.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge